UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>    Plaintiff,<br><br>v.<br><br>ALTSHULER, et al.,<br><br>    Defendants. | No. 2:17-cv-1046 AC P<br><br>ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM - THIRD STRIKE UNDER 28 U.S.C. § 1915(g) |

I.     Introduction

Plaintiff is a state prisoner incarcerated at Mule Creek State Prison (MCSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. Plaintiff also seeks preliminary injunctive relief.

Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 4. For the reasons that follow, the court dismisses the complaint without leave to amend for failure to state a cognizable claim; designates the dismissal as plaintiff's "third strike" under 28 U.S.C. § 1915(g); denies as moot plaintiff's request to proceed in forma pauperis; and denies as moot plaintiff's four motions for preliminary injunctive relief.

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Nevertheless, because this action will be dismissed without leave to amend, plaintiff's request to proceed in forma pauperis will be denied as moot and plaintiff will not be required to pay the filing fee.

## III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### IV. Screening of Plaintiff's Complaint

Plaintiff has filed fourteen pro se civil rights cases in the Eastern District since April 2017.[1] This court has concurrently screened each of the three cases assigned to the undersigned.[2]

#### A. Allegations of Plaintiff's Complaint

In the instant complaint, plaintiff identifies one claim, the "First Amendment [right] to peaceably assemble a petition to the government for redress of all grievances." ECF No. 1 at 5. Plaintiff alleges that various correctional officials are "networking" to deny plaintiff the ability to submit all necessary inmate appeals or grievances and to administratively exhaust his appeals. Id. Plaintiff identifies eight defendants, and alleges in part, id. at 5-6 (sic):

> Sgt. Carillo, C/O Brady, Lt. Altshuler, C/O Gagnon are networking with D. Azevedo – staff services analyst and R. Giavacchini – Correctional Counselor II inmate appeals to reject legitimate staff complaints by minimizing multiple appeals that should have been screened as: "Emergency PREA's [Prison Rape Elimination Act][3] and or staff complaints so Plaintiff Patrick would have to wait 14 days to submit a new appeal. By doing this unfair act it stalls the appeals process on favored appeals CDCR wants to abuse power with. When Patrick responds to the rejections the appeal coordinator cancels the appeal further stalling the progress of legitimate PREA appeals and Staff complaints by forcing Patrick to appeal the cancellation.
>
> On 4-21-17 Plaintiff Patrick witnessed: Lt. Altshuler, D. Azevedo and R. Giovacchini conferring from a cage near the Lt.'s office. About 10 minutes later C/O Gagnon escorted me to the Lt.'s office

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Plaintiff's other cases assigned to the undersigned are Patrick v. Johnston et al., Case No. 2:17-cv-0845 AC P, and Patrick v. Emerson at al., Case No. 2:17-cv-1454 AC P.

[3] The Prison Rape Elimination Act (PREA) of 2003, 34 U.S.C. § 30302 et seq. (formerly 42 U.S.C. §15602 et seq.), sets forth guidelines and procedures for implementing a zero-tolerance standard for incidents of prison rape in federal, state and local prisons.

> where Azevedo and Giavacchini were waiting. Giavacchini attempted to chastise me concerning multiple appeals that were mostly rejections and "only one appeal within 14 days." Plaintiff responded with "all my claims are true" and "I am being abused what am I supposed to do?" Giavacchini placed a pile of 602 appeals on the Lt.'s desk and D. Azevedo said "all I am doing is my part" to R. Giavacchini and began to explain the rejections. . . . Giavacchini said "split these into two separate appeals and resend them. I did, they were rejected. . . .

In a subsequently-filed case also assigned to the undersigned and screened concurrently with the instant case, plaintiff avers that his "CDCR 602 appeals remain unanswered. Plaintiff was forced to rewrite these appeals and request injunction [sic] relief. . . . These appeals were mailed to: David Simpson Special Agent OIA [Office of Internal Affairs] Sacramento. Where are they now?" Patrick v. Emerson et al., Case No. 17-cv-1454 AC P, ECF No. 1 at 12.

### B. Failure to State Cognizable Claim

Plaintiff's asserted right to "petition to the government for redress of all grievances," ECF No. 1 at 5, is well established under the First Amendment. As recognized by the Ninth Circuit, "[o]f fundamental import to prisoners are their First Amendment 'right[s] to file prison grievances,' Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), and to 'pursue civil rights litigation in the courts.' Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (fn. omitted).

However, while a prisoner's First Amendment right to petition the government for the redress of grievances includes the right to pursue available prison administrative remedies, Rhodes, 408 F.3d at 567, "[t]here is no legitimate claim of entitlement to a grievance procedure," Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898 (1988). Prisoners are not entitled to prison grievance procedures as a matter of course. Therefore, a claim that prison officials failed to comply with grievance procedures or failed to resolve a particular grievance in a favorable manner is not cognizable under Section 1983. See e.g. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process plaintiff's grievances not actionable under Section 1983). In the instant case, plaintiff's wide-ranging allegations that defendants improperly processed his grievances – and/or required plaintiff to adhere to the quantity and time

limitations set forth in CDCR regulations – fail to state cognizable claims.

Nor does plaintiff state a cognizable claim based on his allegations that his grievances should have been processed as emergency appeals under PREA. CDCR has established expedited procedures for inmates and members of the public to report incidents of prison rape or other sexual abuse or harassment under PREA.[4] Inmates are not relegated to using the prison administrative appeal process but "may report violations of this policy to any staff member verbally or in writing, utilizing the Inmate Appeals Process, through the sexual assault hotline, or through a third party." CDCR Department Operations Manual (DOM) § 54040.7. If an inmate chooses to use the administrative appeal process, an allegation of misconduct under PREA is designated an "emergency appeal" and submitted directly to the appeals coordinator and immediately reviewed and processed at the Second Level. See Cal. Code Regs. tit. 15, § 3084.9(a)(B)(2), (5). There are no time limits for filing staff complaints under PREA, although the complaint will be processed as a regular staff complaint unless designated an emergency. Id., § 3084.9(a)(B)(5)(A).

Plaintiff's allegations that defendants improperly processed his grievances submitted under PREA fail to state cognizable claims. Correctional officials retain discretion to review inmate grievances in the order and manner they deem most appropriate. Defendants' alleged failure to comply with CDCR regulations does not state a constitutional claim. "Nothing in the PREA explicitly or implicitly suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." Hatcher v. Harrington, 2015 WL 474313, at *5, 2015 U.S. Dist. LEXIS 13799 (D. Haw. Feb. 5, 2015) (collecting cases); accord Farmer v. Otter, 2015 WL 5595497, at *5, 2015 U.S. Dist. LEXIS 126951 (D. Idaho Sept. 22, 2015) (collecting cases), appeal dismissed (Jan. 4, 2016); Reed v. Racklin, 2017 WL 2535388, at *2, 2017 U.S. Dist. LEXIS 90090 (E.D. Cal. June 12, 2017) (Case No. 2:17-cv-0799 AC P) (collecting cases).

////

---

[4] See http://www.cdcr.ca.gov/PREA/reporting.html

On their face, petitioner's allegations suggest circumstances which might be proffered in support of an exception to the administrative exhaustion requirement.[5] See Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief.").[6] Exceptions to the exhaustion requirement, however, are relevant only when the court is assessing the viability of a cognizable civil rights claim which was the subject of the thwarted grievance. Circumstances sufficient to support an exception to the exhaustion requirement do not themselves constitute an independent civil rights violation for which an inmate may seek damages under § 1983.

For these reasons, the undersigned finds that plaintiff is unable to state a cognizable claim premised on the alleged failure of correctional staff to "properly process" "all" of his grievances, even those designated as "PREA claims."

### C. Futility of Amendment

The court is also persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Therefore, this action will be dismissed without leave to amend.

### V. This Dismissal is Plaintiff's "Third Strike" Under 28 U.S.C. § 1915(g)

The dismissal of this case constitutes plaintiff's "third strike" under 28 U.S.C. § 1915(g).

---

[5] The Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[6] These circumstances are: (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations omitted). Other than these circumstances, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Id. at 1856-57.

As a result, plaintiff may not proceed in forma pauperis in other cases unless he demonstrates that he was "under imminent danger of serious physical injury" at the time he filed the complaint. 28 U.S.C. § 1915(g). If plaintiff cannot make this showing, his only option for proceeding with an action will be to pay the full filing fee.

The Prison Litigation Reform Act (PLRA) was "intended to eliminate frivolous lawsuits" by prisoners. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). The Supreme Court has observed noted that "prisoner suits . . . represent[] a disproportionate share of federal filings," and "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (citations and internal quotation marks omitted). In an effort to reduce frivolous filings, "Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 (2007). To that end, Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

To satisfy the exception to his statute, a three strikes litigant must allege facts demonstrating that, when he filed his complaint, he was "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g). See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g)"). The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be ongoing, Andrews, 493 F.3d at1056. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11.

Review of court records[7] indicates that plaintiff has filed at least two prior cases that were

---
[7] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631

dismissed without leave to amend for failure to state a cognizable claim for relief.  See Patrick v. Petroff et al., Case No. 1:16-cv-0945 AWI MJS P (dismissed without leave to amend for failure to state a claim by order filed June 28, 2017);[8] Patrick v. Johnston et al., Case No 2:17-cv-0854 AC P (dismissed without leave to amend for failure to state a claim by order filed October 10, 2017). [9]  The undersigned has reviewed the findings in these cases and finds that each dismissal qualifies as a strike under Section 1915(g).

In the instant action, plaintiff has again failed to state a cognizable claim, which cannot be cured by amendment.  Dismissal of this action constitutes plaintiff's "third strike" under 28 U.S.C. § 1915(g).  Although this court need not consider whether the instant complaint meets the exception to the statute, plaintiff's general assertion that the alleged improper processing of his grievances caused him "[f]ear with trust issues . . . Abuse of power is very painful," ECF No. 1 at 5, fails to demonstrate that plaintiff was "under imminent danger of serious physical injury" when he filed the instant complaint.  28 U.S.C. § 1915(g); Andrews, 493 F.3d at 1053, 1056.

Accordingly, because dismissal of this action qualifies as plaintiff's "third strike" under 28 U.S.C. § 1915(g), plaintiff may not proceed in forma pauperis in future cases unless he demonstrates that he is "under imminent danger of serious physical injury" at the time he files the complaint.  If plaintiff cannot make this showing, he must pay the full filing fee to proceed and to obtain substantive screening of his complaint pursuant to 28 U.S.C. § 1915A.

////

---

F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[8] Although the district court's dismissals of Petroff and Reynaga (see n.9, infra) are both pending on appeal, they may still be considered strikes under 28 U.S.C. § 1915(g).  See Coleman, 135 S. Ct. at 1763 ("[P]rior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").  Cf., Richey v. Dahne, 807 F.3d 1202, 1208-10 (9th Cir. 2015) (distinguishing Coleman and authorizing prisoners to pursue in forma pauperis status on appeal of a district court's third strike dismissal).

[9] Another of plaintiff's actions was dismissed without leave to amend based both on plaintiff's "repeated failure to heed warnings concerning violations of Federal Rule of Civil Procedure 20(a)" (permissive joinder of parties), and the finding that his proposed new claims were "far too bare and conclusory to state a claim."  See Patrick v. Reynaga et al., Case No. 1:16-cv-0239 LJO MJS P (dismissed May 16, 2017 for failure to state a claim).

### VI. Motions for Preliminary Injunctive Relief

Plaintiff has filed four motions for preliminary injunctive relief.[10] "A preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [] (footnotes omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440 (1944)." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the action on the merits." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980)). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Because this action will be dismissed, there is no status quo to maintain pursuant to preliminary injunctive relief. A district court may not issue preliminary injunctive relief without primary jurisdiction over the underlying cause of action. Sires v. State of Washington, 314 F.2d 883, 884 (9th Cir. 1963). Therefore, plaintiff's motions will be denied as moot.

### VII. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is dismissed without leave to amend for failure to state a cognizable claim for relief; this dismissal shall count as plaintiff's "third strike" under 28 U.S.C. § 1915(g).

////

---

[10] Plaintiff's motions for injunctive relief filed in this action are entitled: (I) "Motion For: (1) Injunction to stop appeals process misconduct, and (2) Order Appeal Coordinator to forward copies of appeals as requested," ECF No. 5; (II) "Motion For: (1) Injunction to stop continuing violations of First Amendment rights, and (2) Stop witness tampering," ECF No. 6; (III) "Motion For: (1) Injunction for relief from 602 appeal misconduct, and (2) All 602 appeals returned beginning at first level response [sic]: 3084.8(a)(c)(1), ECF No. 7;" and (IV) "Motion for Injunction" requesting the court "to stop" several alleged matters (e.g. "indigent envelopes withheld," "CECR 602 appeals returned from the appeals coordinator at second level response," etc., ECF No. 8.

2. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, and motions for preliminary injunctive relief, ECF Nos. 5-8, are denied as moot.

3. The Clerk of Court is directed to close this case and to designate plaintiff as a "three strikes litigant" under 28 U.S.C. S 1915(g).

SO ORDERED.

DATED: October 10, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE